# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NGUYEN,<br><br>            Plaintiff,<br><br>   v.<br><br>BITER, M.D., et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:11-cv-00809-OWW-SKO PC<br><br>ORDER ADDRESSING PLAINTIFF'S OBJECTION AND CLARIFYING PREVIOUS ORDER CONCERNING IN FORMA PAUPERIS APPLICATION DEFICIENCY<br><br>(Docs. 7 and 19) |

Plaintiff Anthony Nguyen, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 18, 2011.  On May 20, 2011, the Court issued an order requiring Plaintiff to either file an application to proceed in forma pauperis or pay the $350.00 filing fee in full, and on June 13, 2011, the Court granted Plaintiff's motion for an extension of time to comply, which was filed on June 9, 2011.

On June 10, 2011, Plaintiff filed an objection to the May 20 order.  There is no provision for "objecting" to the order at issue, but in light of the fact that the Court's earlier order was not clear as to the deficiency at issue, Plaintiff's objection shall be addressed and the order is clarified as follows.

Plaintiff filed an application to proceed in forma pauperis on May 18, 2011.  The application Plaintiff filed was not on a form accepted by this division in that it lacked the requisite authorization

for the deduction of the filing fee from Plaintiff's trust account, when funds are available.[1] Plaintiff was provided with the correct form, which he must complete and return. Plaintiff's first application was accompanied by a certified copy of his trust account statement and therefore, Plaintiff is not required to submit another trust account statement. Plaintiff need only fill out the application and return it.

Accordingly, Plaintiff's objection is HEREBY DEEMED ADDRESSED.

IT IS SO ORDERED.

**Dated:    June 15, 2011**                    /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE

---

[1] The in forma pauperis statute does not authorize a fee waiver. It merely provides that prisoners may proceed without prepayment of the filing fee. 28 U.S.C. § 1915(b). The filing fee is still assessed and it must be collected when funds exist. Id.