# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NGUYEN,<br><br>    Plaintiff,<br><br>    v.<br><br>M. D. BITER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-00809-AWI-SKO PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 40-43, 51, 56, and 57) |

    Plaintiff Anthony Nguyen, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 18, 2011. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On December 21, 2011, the Magistrate Judge issued a findings and recommendations recommending that Plaintiff's motions for preliminary injunctive relief be denied for lack of jurisdiction. (Docs. 40-43.) Plaintiff filed a timely objection on January 6, 2012. (Doc. 48.)

    In addition, on January 19, 2012, Plaintiff filed an unsupported motion seeking an order prohibiting prison officials from transferring him to a different prison, and on May 15, 2012, Plaintiff filed a supplement to the motion. On May 16, 2012, Plaintiff filed another unsupported motion seeking unspecified relief, based on his assertion that his safety is in danger.

    "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy," City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted), and for each form of relief sought in federal court, Plaintiff must establish standing, Summers v.

Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In this action, Plaintiff is seeking redress for the alleged violation of his rights under the Eighth Amendment of the United States Constitution vis a vis his exposure to arsenic-contaminated drinking water at Kern Valley State Prison. Other deficiencies in his motions not withstanding, Plaintiff is now incarcerated at California Correctional Institution and his legal claim arising from past exposure to contaminated drinking water does not vest the Court with jurisdiction to intervene in Plaintiff's transfer to another institution or in Plaintiff's current conditions of confinement at California Correctional Institution.

Plaintiff misunderstands the limited jurisdiction of federal courts. (Doc. 57, Motion, 2:10-13.) The fact that Plaintiff has filed a civil lawsuit does not give him standing to seek any and all relief regarding his general conditions of confinement as a prisoner and his argument to the contrary is unavailing. (Id.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed on December 21, 2011, is adopted in full; and

2. Plaintiff's motions for preliminary injunctive relief, filed on December 16, 2011, January 19, 2012, May 15, 2012, and May 16, 2012, are DENIED, with prejudice, for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  May 31, 2012

CHIEF UNITED STATES DISTRICT JUDGE