# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NGUYEN,<br><br>         Plaintiff,<br><br>    v.<br><br>M. D. BITER, et al.,<br><br>         Defendants. | CASE NO. 1:11-cv-00809-AWI-SKO PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT AND DIRECTING CLERK'S OFFICE TO FILE PROPOSED SUPPLEMENTAL COMPLAINT<br><br>(Docs. 70 and 71) |

Plaintiff Anthony Nguyen, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 18, 2011. On December 17, 2012, Plaintiff filed his second motion seeking leave to file a supplemental complaint, accompanied by a proposed supplemental complaint.

Pursuant to Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) does not require the moving party to satisfy a transactional test, but there must still be a relationship between the claim in the original pleading and the claims sought to be added. <u>Keith v. Volpe</u>, 858 F.2d 467, 474 (9th Cir. 1988).

Plaintiff asserts he is seeking leave to file a supplemental complaint to set forth "quasi-injuries" which have subsequently developed. (Doc. 70.) "Quasi-injury" is not a recognized term in this context, but assuming Plaintiff is merely referring to actual injuries which developed after he filed the original complaint upon which this action proceeds and which are articulated in his

///

proposed supplemental complaint, Plaintiff's motion is HEREBY GRANTED and the Clerk's Office shall file in the proposed supplemental complaint.

IT IS SO ORDERED.

**Dated:   February 26, 2013**                              /s/ Sheila K. Oberto
                                                                                       UNITED STATES MAGISTRATE JUDGE