# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NGUYEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. D. BITER,<br><br>　　　　Defendant.<br>_____/ | Case No.  1:11-cv-00809-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS, DEFENDANT'S MOTION TO STRIKE, PLAINTIFF'S MOTION TO STRIKE, AND PLAINTIFF'S MOTION FOR SANCTIONS BE DENIED<br><br>(Docs. 79, 80, 88, 90, and 91)<br><br>THIRTY-DAY OBJECTION DEADLINE |

**I.      Procedural History**

Plaintiff Anthony Nguyen, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 18, 2011.  This action is proceeding against Defendant Biter for violation of the Eighth Amendment of the United States Constitution.

On March 18, 2013, Defendant filed a motion to dismiss for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  Plaintiff filed an opposition on May 1, 2013, and Defendant filed a reply on May 8, 2013.  Plaintiff then filed a surreply on May 20, 2013, which was stricken from the record by the Court *sua sponte* on May 22, 2013.  Defendant filed a motion to strike Plaintiff's surreply on May 21, 2013; and Plaintiff filed a motion to strike Defendant's reply on May 30, 2013, and a motion for sanctions on July 5, 2013.  Defendant opposed the motion for sanctions on July 25, 2013.

## II.   Motions to Strike and for Sanctions

In light of the Court's order striking Plaintiff's surreply, Defendant's motion to strike is moot and it should be denied on that ground.

Plaintiff's motion to strike lacks merit. Plaintiff was entitled to file an opposition to Defendant's motion to dismiss and Defendant was entitled to file a reply. Local Rule 230(*l*). However, Plaintiff does not have the right to file a surreply, as he asserts; and there is no support for his argument that Defendant's reply should also be stricken because there is no right to reply. The Court recommends Plaintiff's motion to strike be denied.

Finally, Plaintiff seeks the imposition of sanctions. However, Plaintiff fails to identify any legal authority in support of his request for sanctions.[1] The parties disagree over the facts and whether Defendant violated Plaintiff's rights. Such disagreements are inherent in litigation and Defendant's position that he did not violate Plaintiff's rights provides no grounds for the imposition of sanctions. Plaintiff's motion is baseless and it should be denied.

## III.   Motion to Dismiss for Failure to State a Claim

### A.   Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

---

[1] Defendant construed Plaintiff's motion as seeking the imposition of sanctions under the Court's inherent authority, which permits federal courts to sanction conduct abusive of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991). However, because of their very potency, inherent powers must be exercised with restraint and discretion. *Chambers*, 501 U.S. at 44 (quotation marks omitted). To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). Plaintiff lacks any entitlement to sanctions against Defendant under the Court's inherent authority.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000); in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**B.    Discussion**

Plaintiff's complaint was screened and the Court determined it stated a claim upon which relief may be granted. 28 U.S.C. § 1915A; *Watison*, 668 F.3d at 1112. Defendant presents no arguments which persuade the Court it committed clear error in determining that Plaintiff's Eighth Amendment claim was cognizable or that any other grounds justifying relief from the screening order exist. *See Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").

Plaintiff's Eighth Amendment claim arises from alleged exposure to arsenic-tainted water at Kern Valley State prison. To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). This requires the prisoner to

demonstrate (1) the existence of an objectively serious risk of harm and (2) that, subjectively, prison officials knew of and disregarded that risk. *E.g., Farmer*, 511 U.S. at 834, 847; *Thomas*, 611 F.3d at 1150-51; *Foster*, 554 F.3d at 812.

Defendant argues he is entitled to dismissal because Plaintiff's allegations do not support a claim that he acted, subjectively, with deliberate indifference to a risk to Plaintiff's health.

Deliberate indifference is a two-party inquiry which requires a showing that prison officials were aware of the risk to the inmate's health or safety and that they deliberately disregarded that risk. *Foster*, 554 F.3d at 814 (citing *Johnson*, 217 F.3d at 734). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." *Thomas*, 611 F.3d at 1150 (quoting *Farmer*, 511 U.S. at 837). "'A factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk is obvious,'" *Foster*, 554 F.3d at 814 (quoting *Farmer*, 511 U.S. at 842), and "'if an inmate presents evidence of very obvious and blatant circumstances indicating that the prison official knew a substantial risk of serious harm existed, then it is proper to infer that the official must have known of the risk,'" *Thomas*, 611 F.3d at 1152 (quoting *Foster*, 554 F.3d at 814). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." *Id.* at 1150-51 (quoting *Farmer*, 511 U.S. at 844).

There is no dispute that Defendant was aware the level of arsenic in the prison's water exceeded federal standards, and the memoranda submitted by Defendant evidence an issue spanning at least two years, during one of which Defendant was the Acting Warden.[2,3] The Court rejects Defendant's argument that because he recognized the issue and was working to abate it, he is entitled to judgment in his favor. Whether Defendant's response to the risk was reasonable as a matter of law is not an issue subject to resolution at the pleading stage. *Farmer*, 511 U.S. at 844-45; *Thomas*, 611 F.3d at 1150-51; *see also Johnson v. Cate*, No. 1:10-cv-00803-AWI-MJS (PC), 2013 WL 3968202, at *4 (E.D. Cal. Jul. 31, 2013) (adopted in full by order filed Oct. 1, 2013).

---

[2] Defendant's request for judicial notice of the memoranda he and Warden Harrington authored is granted. (Doc. 80.)

[3] Whether or not the level of arsenic in the water posed a substantial risk of serious harm to inmate health is an issue for the evidentiary stage, and Defendant does not argue that Plaintiff's claim fails on the objective element.

4

Although Plaintiff's claim is inartfully pled, the Court is required to construe the complaint liberally. *Pouncil v. Tilton*, 704 F.3d 568, 574-75 (9th Cir. 2012). To the extent that Plaintiff's claim may ultimately be proven to lack merit, that is an issue for the evidentiary stage in this litigation. The Court recommends that Defendant's motion to dismiss for failure to state a claim be denied.

### IV. Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Defendant's motion to dismiss for failure to state a claim, filed on March 18, 2013, be DENIED;

2. Defendant's motion to strike Plaintiff's surreply, filed on May 21, 2013, be DENIED as moot;

3. Plaintiff's motion to strike Defendant's reply, filed on May 30, 2013, be DENIED; and

4. Plaintiff's motion for sanctions, filed on July 5, 2013, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 16, 2013**              **/s/ Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE