# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NGUYEN,<br><br>    Plaintiff,<br><br>    v.<br><br>M. D. BITER,<br><br>    Defendant.<br>_____/ | Case No. 1:11-cv-00809-AWI-SKO (PC)<br><br>ORDER DENYING MOTION FOR CLARIFICATION<br><br>(Doc. 125) |

    Plaintiff Anthony Nguyen, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 18, 2011. This action is proceeding against Defendant Biter for violation of the Eighth Amendment of the United States Constitution.

    On October 23, 2014, Plaintiff filed a document entitled "Motion for Clarification to Defendant's Declaration." The filing is both an objection to statements set forth in defense counsel's declarations supporting Defendant Biter's motions for an extension of time and a surreply relating to Defendant's motion for terminating sanctions.

    Plaintiff objects to the statements that he was not reasonably available to stipulate to extensions of time to file an opposition and a reply. (Doc. 120, Delgado Dec., ¶10; Doc. 121, Delgardo Dec., ¶9.) However, both parties have received extensions of time in this case, and in situations such as this where there is no prejudice to the non-moving party, objections regarding minor, non-prejudicial issues are not encouraged. Plaintiff's disagreement with the statements is

noted, but it does not affect the Court's prior determination regarding the extensions of time. (Doc. 122.)

Regarding the surreply, parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor, *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)), and while district courts have the discretion to either permit or preclude a surreply, *see U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996), Plaintiff did not seek leave to file a surreply and the Court did not order him to file one. Therefore, Plaintiff's surreply shall not be considered.[1] If, after reviewing the motion, opposition, and reply, the Court needs further briefing, it will issue an order. Defendant's motion for terminating sanctions has been submitted upon the record and it will be considered by the Court is due course. Local Rule 230(*l*).

Based on the foregoing, Plaintiff's motion for clarification is HEREBY ORDERED DENIED in that (1) his objection to the statement regarding his availability is noted and (2) his surreply is disregarded.

IT IS SO ORDERED.

Dated:   **October 28, 2014**             **/s/ Sheila K. Oberto**
                                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Regarding Plaintiff's intent to submit additional authority, Plaintiff may be assured the Court is aware of and familiar with *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217 (9th Cir. 2006).

2