# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NGUYEN, | Case No.  1:11-cv-00809-AWI-SKO (PC) |
| Plaintiff, | ORDER (1) DENYING MOTION TO COMPEL AND FOR SANCTIONS, (2) GRANTING IN PART MOTION TO PROPOUND ADDITIONAL INTERROGATORIES, LIMITED TO TWENTY, AND (3) GRANTING IN PART MOTION TO EXTEND DISCOVERY DEADLINE, LIMITED TO SERVICE, RESPONSE, AND MOTION RE TWENTY ADDITIONAL INTERROGATORIES |
| v. | |
| M. D. BITER, | |
| Defendant. | |
| | (Docs. 102, 104, 108, and 109) |
| _____/ | |

## I.    Background

Plaintiff Anthony Nguyen ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 18, 2011.  This action is proceeding against Defendant M. D. Biter ("Defendant") for violation of the Eighth Amendment of the United States Constitution, a claim which arises from Plaintiff's allegations that he was exposed to arsenic-contaminated water while at Kern Valley State Prison ("KVSP") in Delano, California.[1]

---
[1] Plaintiff is presently incarcerated at California State Prison-Centinela in Imperial.

On June 16, 2014, Plaintiff filed a motion seeking leave to propound interrogatories in excess of the twenty-five already served. Fed. R. Civ. P. 33(a)(1). (Doc. 102.) In addition, Plaintiff seeks a ninety-day extension of the discovery deadline, which expired on September 6, 2014. Fed. R. Civ. P. 16(b)(4). Defendant filed an opposition on July 3, 2014; and on July 18, 2014, Plaintiff filed a motion to compel combined with a reply to Defendant's opposition. Fed. R. Civ. P. 37(a). (Docs. 103, 104.) Defendant filed an opposition to the motion to compel on August 4, 2014; and on August 13, 2014, Plaintiff filed a supplement to his motion to compel. (Docs. 105, 108.) On August 20, 2014, Plaintiff filed a second supplement to his motion to compel, and Defendant filed an opposition on August 28, 2014. (Docs. 109, 110.)

The motions were submitted upon the record without oral argument pursuant to Local Rule 230(*l*).

## II.   **Discussion**

### A.   **Summary of Motions**

#### 1.   **Motion to Propound Excess Interrogatories**

Plaintiff propounded twenty-five separately enumerated interrogatories and he now seeks leave to propound additional interrogatories on the ground that Defendant's response to his first set was evasive and unsatisfactory, resulting in his need for additional interrogatories. (Doc. 102.) Plaintiff's bare request for leave to serve additional interrogatories was not supported by a copy of his first set or a copy of his proposed interrogatories. (*Id.*)

In his opposition, Defendant provided copies of Plaintiff's (1) interrogatories, set one; (2) requests for admission, set one; (3) interrogatories, set two, and requests for the production of documents, set one;[2] and (4) interrogatories, set three, along with Defendant's responses. Defendant argues that Plaintiff's motion is procedurally deficient based on his failure to include the interrogatories and to make a "particularized showing" regarding his need for additional interrogatories. *Archer Daniels Midland Co. v. Aon Risk Svcs., Inc.*, 187 F.R.D. 578, 586-87 (D.Minn. 1999). Defendant contends that he responded to Plaintiff's first set of twenty-five interrogatories, objecting to all but six and providing verified responses to the other nineteen.

---

[2] Plaintiff combined interrogatories with requests for the production of documents.

1   Further, Defendant contends that in response to receiving what appeared to be an unfiled motion to

2   compel on April 25, 2014, counsel called Plaintiff on May 14, 2014, and attempted to meet and

3   confer with him to explain the responses and objections.  Plaintiff thereafter served additional

4   discovery requests, which were received by counsel on June 18, 2014.

5             **2.**      **Motions to Compel and for Sanctions**

6         On July 18, 2014, Plaintiff filed a motion to compel and for sanctions which also included

7   his reply to Defendant's opposition to his motion to propound additional interrogatories.  (Doc.

8   104.)  Plaintiff seeks an order requiring Defendant to respond to the interrogatories "initially

9   objected to and implicitly evaded," and he seeks monetary sanctions against Defendant for his

10  evasive responses.   Fed. R. Civ. P. 37(a)(2)(A).   (Doc. 104, p. 1.)   Plaintiff also addresses

11  Defendant's opposition to his motion to serve additional interrogatories, and he identifies

12  interrogatory numbers 8, 10, 12, 15, 17, and 18 as the ones to which Defendant improperly

13  objected. (*Id.*, pp. 16-18.)  Plaintiff submits a letter to counsel he contends evidences his attempt

14  to meet and confer with her over their discovery dispute without involving the Court, dated June

15  11, 2014; and Plaintiff contends that counsel's statement she is willing to work with him

16  informally is untrue because she failed to respond to his letter.  (*Id.*, pp. 4-5, 17.)

17        In opposition to Plaintiff's motion to compel, Defendant addresses Plaintiff's arguments

18  concerning the six interrogatories which were objected to, and reasserts that counsel met and

19  conferred with Plaintiff but he filed a motion to compel before the Court issued a ruling on his

20  motion for leave to serve additional interrogatories.   (Doc. 105.)   Defendant contends that

21  sanctions are not warranted because he responded as fully as he could to Plaintiff's interrogatories

22  and he advanced valid objections, but Plaintiff filed his motion to compel in disregard of counsel's

23  offer to meet and confer informally.  (*Id.*)

24        On August 13, 2014, Plaintiff filed a supplement to his motion to compel and for

25  sanctions, entitled "Revised Motion to Compel Disclosure and for Sanctions," and on August 20,

26  2014, Plaintiff filed another supplement to his motion for sanctions, entitled "Addendum to

27  Plaintiff's Motion for Sanctions."   (Docs. 108, 109.)   Plaintiff reasserts that Defendant's

28  objections to his interrogatories lack merit, and states that he is seeking sanctions under Fed. R.

1    Civ. P. 11(b), based on Defendant's representation that he served complete responses to all the

2    interrogatories and on counsel's representation that she was willing to resolve discovery disputes

3    informally with Plaintiff.   (*Id.*)   Plaintiff includes a prison record evidencing his inability to

4    arrange for telephone conferences at his own request.  (Doc. 109, p. 3.)

5         Defendant filed an opposition to both motions on August 28, 2014.  (Doc. 110.)

6         **B.     Motion to Compel and for Sanctions**[3]

7              **1.     Legal Standard**

8         The scope of discovery is broad but it is not without limits, *Republic of Ecuador v.*

9    *Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) (citing *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.

10   1993)), and the Court is vested with broad discretion to manage discovery, *Dichter-Mad Family*

11   *Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), *cert. denied*, 134 S.Ct. 117;

12   *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor*

13   *Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

14   "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

15   claim or defense," and "[r]elevant information need not be admissible at the trial if the discovery

16   appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P.

17   26(b)(1).  Furthermore, "[f]or good cause, the court may order discovery of any matter relevant to

18   the subject matter involved in the action."  *Id.*

19        An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and

20   an interrogatory is not objectionable merely because it asks for an opinion or contention that

21   relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).

22   Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R.

23   Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4);

24   *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).  The responding party shall use common

25   sense and reason.  *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL

26   1924935, *8 (D. Kan. Apr. 30, 2008).  A responding party is not generally required to conduct

27

28   ---
     [3] The Court turns first to Plaintiff's motion to compel because it impacts analysis of his request for leave to propound additional interrogatories.

4

extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

## 2. ROGs 8, 10, 12, 15, 17, and 18[4]

**ROG 8:** "What was your reaction to the 2008 Compliance Order from the Department of Public Health?"  (Doc. 103-2, Opp., Ex. 1.)

**Response:** "Responding party objects on the grounds that the interrogatory is vague, ambiguous, and lacks foundation."  (*Id.*)

**Ruling:** Plaintiff's motion to compel is denied.

Plaintiff was informed in discovery that Defendant was not employed by KVSP in 2008 and Defendant has represented that without further clarification, he is unable to answer the interrogatory.  (Doc. 103-2, Opp., court record p. 24:16-22.)  That response is sufficient under the circumstances.

**ROG 10:** "What stopped you from having a conscience and unduly expose plaintiff to the unsafe drinking water at KVSP by ineffectively acting to resolve KVSP's unsafe drinking water issue at the time?"  (Doc. 103-2, Opp., Ex. 1.)

**Response:** "Responding party objects on the grounds that the interrogatory is argumentative, assumes facts not admitted, lacks foundation, and is unintelligible as framed."  (*Id.*)

**Ruling:** Plaintiff's motion to compel is denied.

While parties are required to use common sense and reason in interpreting discovery requests, the Court agrees with Defendant that this interrogatory is unintelligible as drafted, and it cannot be salvaged by any reasonable interpretation.

---

[4] In an exhibit attached to his motion to compel, Plaintiff marked some of the interrogatory responses, and Defendant addressed those responses despite Plaintiff's failure to specify them as at issue in his motion and despite the ambiguity of the marks.  The Court addresses only those six interrogatories Plaintiff identified as at issue in his motion.  The Court notes, however, that Defendant responded to the other nineteen interrogatories and those responses are facially sufficient.

**ROG 12:** "Would you agree that an ineffective attempt to rectify a problem or meeting the bare minimum of a compliance order resulting in the same in effect is nearly the same as doing nothing at all to fix the problem?"  (Doc. 103-2, Opp., Ex. 1.)

**Response:** "Responding party objects on the grounds that the request is vague, ambiguous, argumentative, and calls for speculation."  (*Id.*)

**Ruling:** Plaintiff's motion to compel is denied.

The interrogatory is vague and ambiguous, and it does not appear reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1); *Surfvivor Media, Inc.*, 406 F.3d at 635.

**ROG 15:** "Of the three professions, which is the most qualified to authoritatively comment on the adverse effects of exposure to toxic substances such as arsenic: the Warden of a prison, the Chief Medical Officer of a prison, or a Toxicologist?"  (Doc. 103-2, Opp., Ex. 1.)

**Response:** "Responding party objects on the grounds that the interrogatory calls for an expert opinion and lacks foundation."  (*Id.*)

**Ruling:** Plaintiff's motion to compel is denied.

This interrogatory impermissibly seeks a response that requires an expert opinion.  *Gorton v. Todd*, No. CIV S-08-3069 LKK GGH P, 2010 WL 234874, at *1-2 (E.D.Cal. 2010).  The relevance is also not readily discernible.  Fed. R. Civ. P. 26(b)(1); *Surfvivor Media, Inc.*, 406 F.3d at 635.

**ROG 17:** "Anti-prisoner sentiment: are able to admit to it?"  (Doc. 103-2, Opp., Ex. 1.)

**Response:** "Responding party objects on the grounds that this is not an interrogatory and is unintelligible as framed."

**Ruling:** Plaintiff's motion to compel is denied.

A request for an admission should be set forth as such, but regardless, this interrogatory is unintelligible and ambiguous, and the relevance of the information sought is unclear.  Fed. R. Civ. P. 26(b)(1); *Surfvivor Media, Inc.*, 406 F.3d at 635.

**ROG 18:** "Is it reasonable to conclude accurately that if a Warden discreetly hates prisoners and given the opportunity, he would act ineffectively in response to a situation that

6

1   posed a risk to prisoners – under – his custody's health to personally or arbitrarily punish them

2   beyond the reach or scope of the law?"  (Doc. 103-2, Opp., Ex. 1.)

3       **Response:** "Responding party objects on the grounds that the interrogatory is

4   argumentative, vague, ambiguous, and calls for speculation.  Responding party further objects on

5   the ground that the interrogatory is an improper hypothetical."  (*Id.*)

6       **Ruling:** Plaintiff's motion to compel is denied.

7       This interrogatory is vague, ambiguous, and unintelligible as framed.

8           **3.    Sanctions**

9       If a motion to compel is granted, the moving party may be entitled to an award of

10  reasonable expenses actually incurred in moving to compel, but Plaintiff is not entitled to recoup

11  any expenses in light of the denial of his motion.   Fed. R. Civ. P. 37(a)(5)(A).   Moreover,

12  Plaintiff's Rule 11 motion fails as a matter of law because it was filed in violation of the twenty-

13  one day "safe harbor provision," Fed. R. Civ. P. 11(c)(2); *Holgate v. Baldwin*, 425 F.3d 671, 677-

14  78 (9th Cir. 2005), and there is no basis for sanctions under the Court's inherent authority,

15  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123 (1991); *Fink v. Gomez*, 239 F.3d 989,

16  993-94 (9th Cir. 2001).

17      Plaintiff's contentions that Defendant's responses and objections to his interrogatories, set

18  one, were improper and evasive lack merit, as does his contention that Defendant made

19  misstatements in his opposition.  More specifically, while Plaintiff challenges defense counsel's

20  representation that she is willing to work with Plaintiff informally to resolve their discovery

21  disputes as false and notes her failure to answer his letter, Plaintiff's position is not supported by

22  the record.  After receiving objections to Defendant's interrogatory responses, counsel spoke with

23  Plaintiff by telephone on May 14, 2014, a meeting she treated as a meet and confer attempt; she

24  acknowledged receipt of Plaintiff's subsequent letter dated June 10, 2014; and she stated she will

25  respond to Plaintiff's letter after the Court resolves his pending motion.[5]   (Doc. 103-1, Opp.,

26  Samson Dec., ¶¶8, 9, 15, 16; Doc. 104, Motion to Compel, Ex. 1.)  This explanation is consistent

27

28  _____
    [5] The letter at issue was dated July 11, 2014, but counsel's description of the letter as dated July 10, 2014, is
    immaterial.

1    with counsel's stated willingness to informally meet and confer with Plaintiff, and given

2    Plaintiff's pending June 16 motion for leave to serve additional interrogatories, counsel's decision

3    that she would respond to Plaintiff's July 11 letter after the Court ruled presents no basis for

4    legitimate dispute.  The Court notes that the parties are not required to meet and confer, although

5    they are encouraged to do so and the Court may, in its discretion, order them to do so.  (Doc. 97,

6    Disc. & Sched. Order, ¶5.)  Thus, Plaintiff lacks any entitlement to seek sanctions based on a

7    party's failure to engage in voluntary meet and confer attempts, notwithstanding the fact that the

8    record does not support Plaintiff's position.

9         Accordingly, Plaintiff's motion for sanctions is denied.

10        **C.**    **Motion for Leave to Serve Interrogatories in Excess of Twenty-Five**

11        Next, Plaintiff seeks leave to propound interrogatories in excess of twenty-five.  Fed. R.

12   Civ. P. 33(a).  Although Plaintiff's motion was procedurally deficient, Defendant provided copies

13   of his responses to Plaintiff's second and third sets of interrogatories.  (Docs. 103-2 & 103-4,

14   Opp., Exs. 3, 4.)   Based on those exhibits, Plaintiff apparently seeks leave to propound an

15   additional thirty-nine interrogatories.   (Doc. 103-2, court record pp. 29-36, Doc. 103-4, court

16   record pp. 64-71.)

17        Rule 33 limits interrogatories to twenty-five per party, including discrete subparts, but the

18   Court may grant leave to serve additional interrogatories to the extent consistent with Rule

19   26(b)(2).  The limitation is not intended "to prevent needed discovery, but to provide judicial

20   scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many

21   cases, it will be appropriate for the court to permit a larger number of interrogatories. . . ."

22   Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33.

23        Plaintiff is proceeding pro se and he is incarcerated, which affects his ability to draft

24   discovery with the precision of an attorney.  It also entitles him to some additional leniency.

25   Discovery must be limited if it is unreasonably cumulative or duplicative, Fed. R. Civ. P.

26   26(b)(2)(C)(i), but that inquiry must be viewed through the lens of Plaintiff's pro se status.  Pro se

27   litigants are necessarily accorded greater latitude than attorneys given their lesser skill set.  The

28   Court will not overlook abuse of the discovery process, but neither will it rigidly apply the

interrogatory limit when the rule itself contemplates the propriety of additional interrogatories in many cases.

While the *Archer Daniels Midland Co.* case cited by Defendant articulates the "particularized showing" standard frequently utilized by courts, the issues in *Archer* differ significantly from the issues in this case, and the decision does not compel the determination that Plaintiff should be precluded from serving additional interrogatories. However, neither is Plaintiff entitled to free rein in discovery by virtue of his pro se status. Where a litigant imprudently uses the initial twenty-five interrogatories on irrelevant or tangential questions, or on interrogatories which are abusive of the opposing party or the discovery process, the Court does not view a subsequent motion for leave to propound additional interrogatories with favor.

Here, in balancing Plaintiff's professed need for further discovery in the context of his more limited skills as a pro se litigant with the Court's duty to protect parties from abusive discovery practices, the Court has reviewed Plaintiff's second and third interrogatory sets and it finds that allowing Plaintiff to propound an additional twenty interrogatories is fair and just on balance. Not all of the decisions made by Plaintiff in drafting his sixty-four interrogatories were prudent. Some of the interrogatories were unintelligible, some sought irrelevant information, some were unreasonably cumulative or duplicative, and some were unduly antagonistic. If Plaintiff chooses to forego well-drafted, relevant interrogatories in favor of questionable interrogatories, the consequences are his to bear. Plaintiff is permitted only twenty additional interrogatories, and the Court will not entertain another motion for additional interrogatories.

**D.    Motion to Modify Scheduling Order to Extend Discovery**

The discovery deadline was September 6, 2014, and Plaintiff filed a timely motion for an extension of the discovery deadline on June 16, 2014.[6] A scheduling order "may be modified only for good cause," and by leave of court. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic*

---

[6] Plaintiff filed a motion for leave to file a supplemental complaint and for an extension of the discovery deadline on September 15, 2014. Fed. R. Civ. P. 15(d), 16(b)(4). However, in light of the fact that Plaintiff filed a second motion for leave to file a supplemental complaint on January 20, 2015, Plaintiff's September 15 motion will be addressed in conjunction with the January 20 motion, once the latter motion is submitted. Local Rule 230(*l*). (Docs. 115, 130.)

1  *v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v.*

2  *Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).  "If the party seeking the

3  modification 'was not diligent, the inquiry should end' and the motion to modify should not be

4  granted." *Id.*

5        Plaintiff's bare request for a ninety-day extension of the discovery deadline is denied, as

6  Plaintiff's general desire to continue engaging in discovery does not provide good cause for an

7  extension of the deadline.  Fed. R. Civ. P. 16(b)(4); *Zivkovic*, 302 F.3d at 1087.  However, in light

8  of the ruling allowing Plaintiff to propound twenty additional interrogatories, the discovery

9  deadline is extended for the limited purpose of providing Plaintiff thirty days within which to

10  either serve twenty interrogatories on Defendant or serve Defendant with a notice specifically

11  informing him which twenty interrogatories from sets two and three he has selected for response.

12  Defendant has thirty days from the date of service of Plaintiff's interrogatories or notice to serve

13  responses, and Plaintiff has thirty days from the date of service of the responses to file a motion to

14  compel, if necessary.

15  **III.**  **Order**

16        Based on the foregoing, it is HEREBY ORDERED that:

17      1.  Plaintiff's motion to compel and for sanctions is DENIED;

18      2.  Plaintiff's motion for leave to propound interrogatories in excess of twenty-five is

19         GRANTED in part and Plaintiff may propound twenty additional interrogatories;

20         and

21      3.  Plaintiff's motion for a ninety-day extension of the discovery deadline is

22         GRANTED in part only in that the discovery deadline is extended for the limited

23         purpose of bringing finality to Plaintiff's twenty additional interrogatories as

24         follows:

25         a.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall

26            either serve his twenty additional interrogatories or serve Defendant with a

27            notice identifying which twenty interrogatories from sets two and three

28            Plaintiff has selected for response;

1           b.     Within **thirty (30) days** from the date of service of the twenty

2                interrogatories or the notice identifying twenty interrogatories from sets two

3                and three, Defendant shall serve a response; and

4           c.     The deadline to file a motion to compel, if necessary, is **thirty (30) days**

5                from the date of service of Defendant's response to the twenty

6                interrogatories.

IT IS SO ORDERED.

Dated:   **January 26, 2015**                      **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE