1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8
9

EASTERN DISTRICT OF CALIFORNIA

10 | ANTHONY NGUYEN,             Case No. 1:11-cv-00809-AWI-SKO (PC)

11          Plaintiff,           ORDER DENYING MOTION FOR
                              ISSUANCE OF SUBPOENA FOR BRUCE

12     v.                     MACLER AND GRANTING MOTION FOR
                              COPY OF DOCKET

13 | M. D. BITER,

                              (Doc. 153)

14          Defendant.
                                   /

15

16 **I.**      **Background**

17        Plaintiff Anthony Nguyen ("Plaintiff"), a state prisoner proceeding pro se and in forma

18 pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 18, 2011. This action

19 is proceeding against Defendant M. D. Biter ("Defendant") for violation of the Eighth Amendment

20 of the United States Constitution, a claim which arises from Plaintiff's allegations that he was

21 exposed to arsenic-contaminated water while at Kern Valley State Prison in Delano, California.[1]

22        On August 17, 2015, Plaintiff filed a motion for the issuance of a subpoena and for a copy

23 of the docket. The Court deems a response by Defendant unnecessary. Local Rule 230(*l*).

24 **II.**      **Subpoena**

25        Plaintiff seeks to have Bruce Macler, a toxicologist with the United States Environmental

26 Protection Agency, served with a subpoena so that he may counter the opinion of Dr. Gellar,

27

---

[1] Plaintiff is presently incarcerated at California State Prison-Centinela in Imperial.

28

1    Defendant's expert witness whose declaration was submitted by Defendant in support of

2    Defendant's opposition and cross-motion for summary judgment.  However, the deadline for the

3    completion of all discovery was June 8, 2015, and Plaintiff lacks entitlement to retain an expert

4    witness and/or depose a witness at taxpayer expense.[2]  *See* 28 U.S.C. § 1915; *U.S. v. MacCollom*,

5    426 U.S. 317, 96 S.Ct. 2086 (1976) ("The established rule is that the expenditure of public funds

6    is proper only when authorized by Congress….")

7         To the extent the motion is construed as seeking the appointment of an impartial expert

8    witness, while the Court has the discretion to appoint an expert and to apportion costs, including

9    the apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified*

10   *School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002);  *Walker v. American Home Shield Long Term*

11   *Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999), where the cost would likely be apportioned

12   to the government, the Court should exercise caution.  The Court's docket is comprised of an

13   overwhelming number of civil rights cases filed by prisoners proceeding pro se and in forma

14   pauperis, and the facts of this case are no more extraordinary and the legal issues involved no

15   more complex than those found in the majority of the cases now pending before the Court. *Wilds*

16   *v. Gines*, No. C 08-03348 CW (PR), 2011 WL 737616, at *4 (N.D. Cal. Feb. 23, 2011); *Honeycutt*

17   *v. Snider*, No. 3:11-cv-00393-RJC (WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011)

18   ("The appointment of experts in deliberate indifference cases is rare, and such requests should be

19   granted sparingly, particularly given the large volume of cases in which indigent prisoners allege

20   claims under the Eighth Amendment related to medical care, and the substantial expense

21   defendants may have to bear if courts were to appoint experts in such cases.")

22        Furthermore, Rule 706 is not a means to avoid the in forma pauperis statute and its

23   prohibition against using public funds to pay for the expenses of witnesses, *Manriquez v. Huchins*,

24   No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012)

25   (quotation marks and citations omitted), nor does Rule 706 contemplate court appointment and

26   compensation of an expert witness as an advocate for Plaintiff, *Faletogo v. Moya*, No. 12cv631

27

28   ---

[2] Neither the type of subpoena nor the discovery device by which Plaintiff intended to obtain evidence through Mr. Macler was identified.

1  GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013) (quotation marks omitted).  The

2  appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a

3  particular litigant, and here, the issues are not of such complexity that the Court requires the

4  assistance of a neutral expert.  *Faletogo*, 2013 WL 524037, at *2; *Bontemps v. Lee*, No. 2:12-cv-

5  0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429,

6  at *1; *Wilds*, 2011 WL 737616, at *4; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL

7  2228427, at *1 (E.D. Cal. Jun. 3, 2010).

8      Plaintiff's motion is denied.

9  **III.    Copy of Docket**

10      Plaintiff's request for a copy of the docket is granted.  However, based on Plaintiff's

11  expressed concern underlying the request, Plaintiff is placed on notice that his "suspicion"

12  regarding the timeliness of Defendant's opposition and cross-motion lacks any basis in fact or in

13  law, Fed. R. Civ. P. 5(b)((2)(C), (d)(3), and he is reminded that any filing by a party or an attorney

14  which is presented for an improper purpose, including harassment, to cause unnecessary delay or

15  to needlessly increase the cost of litigation, is subject to sanctions under Rule 11, Fed. R. Civ. P.

16  11(b)(1), (c).

17  **IV.    Order**

18      Based on the foregoing, it is HEREBY ORDERED that:

19      1.    Plaintiff's motion to have Bruce Macler served with a subpoena is DENIED;

20      2.    Plaintiff's motion for a copy of the docket is GRANTED; and

21      3.    The Clerk's Office shall send Plaintiff a docket copy with this order.

22

23  IT IS SO ORDERED.

24      Dated:   **August 21, 2015**              **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE

25

26

27

28

3