# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NGUYEN,<br><br>    Plaintiff,<br><br>    v.<br><br>M. D. BITER,<br><br>    Defendant. | Case No. 1:11-cv-00809-AWI-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND MOTION FOR SUMMARY JUDGMENT AND TO STAY PROCEEDINGS<br><br>(Doc. 146) |

## I. **Background**

Plaintiff Anthony Nguyen ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 18, 2011. This action is proceeding against Defendant M. D. Biter ("Defendant") for violation of the Eighth Amendment of the United States Constitution, a claim which arises from Plaintiff's allegations that he was exposed to arsenic-contaminated water while at Kern Valley State Prison in Delano, California.[1]

On September 15, 2014, Plaintiff filed a motion for summary judgment. Fed. R. Civ. P. 56(c). Following resolution of numerous discovery motions and motions for terminating sanctions, to amend the pleadings, and for modification of the scheduling order, Defendant timely filed his cross-motion for summary judgment and opposition to Plaintiff's motion on July 20, 2015. On July 30, 2015, in response to Defendant's argument that Plaintiff's motion for summary

---

[1] Plaintiff is presently incarcerated at California State Prison-Centinela in Imperial.

judgment is procedurally deficient, Plaintiff filed a motion seeking leave to file an amended motion for summary judgment. Plaintiff also seeks to stay the proceedings because (1) he is in the process of seeking information from the Postmaster of Sacramento County regarding the service of Defendant's opposition and cross-motion for summary judgment and (2) he seeks to question Dr. Gellar, if permitted. Defendant did not file a response. Local Rule 230(*l*).

**II.     Discussion**

      **A.     Motion to Amend Summary Judgment Motion**

The deadline for filing pretrial dispositive motions was July 20, 2015, and Plaintiff's pro se status, which he invokes, does not entitle him to file an untimely motion for summary judgment because he wishes to cure the procedural deficiencies identified by Defendant in responding to his original motion. *See* Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Plaintiff is permitted to file a reply and an opposition to Defendant's cross-motion, which he has done, Local Rule 230(*l*), but modification of the scheduling order to permit another motion for summary judgment requires good cause, which has not been shown, Fed. R. Civ. P. 16(b)(4); *Zivkovic*, 302 F.3d at 1087.

Moreover, Plaintiff's motion for leave to file an amended motion for summary judgment identifies no further evidence or argument that Plaintiff would present. Rather, Plaintiff seeks to amend to bring his motion into procedural compliance with Local Rule 260(a). Plaintiff is entitled to liberal construction of his filings, *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010), and under the circumstances, the Court does not anticipate being unable to consider the parties' motions and resolve them on their merits, notwithstanding the procedural deficiency identified, *see Tulalip Tribes of Washington v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015); *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). Accordingly, Plaintiff's motion for leave to file an amended motion for summary judgment is denied for lack of good cause. Fed. R. Civ. P. 16(b)(4).

      **B.     Motion for Stay**

With respect to a stay, Plaintiff presents no legally sufficient grounds for such relief. Defendant timely filed his opposition and cross-motion on July 20, 2015, and Plaintiff received it

by mail on July 24, 2015.  These facts do not provide any objective basis for bringing the veracity of Defendant's proof of service into question and in any event, parties are entitled to an additional three days for mailing.  Fed. R. Civ. P. 6(d).  The Court is therefore unpersuaded that there is any merit to Plaintiff's desired course of action regarding the postmaster.

Finally, Plaintiff is not entitled under the law to question Dr. Gellar at this juncture. Unless Dr. Gellar was willing to correspond with Plaintiff voluntarily and for free, which would be highly unusual for an expert witness retained by the opposing party, Plaintiff would have been required to question Dr. Gellar via a deposition and he could have done so only if he had the funds to pay the deposition costs.  Compounding this practical problem, the discovery deadline was June 8, 2015, and Plaintiff may not now seek a stay to engage in further discovery in the absence of good cause, which has not been shown.[2]  Fed. R. Civ. P. 16(b)(4).

**III.    Order**

For the reasons set forth herein, Plaintiff's motion for leave to file an amended motion for summary judgment and to stay the proceedings is ORDERED DENIED.  The parties' cross-motions for summary judgment are under submission pursuant to Local Rule 230(*l*) and they will be addressed in due course.

IT IS SO ORDERED.

Dated:   **August 25, 2015**                    **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Plaintiff's request should be construed as a motion to stay the proceedings under Federal Rule of Civil Procedure 56(d), the request lacks merit given that discovery, which was open for seventeen months, is now closed.