1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10   ANTHONY NGUYEN,                          Case No.  1:11-cv-00809-AWI-SKO (PC)

11          Plaintiff,                        ORDER DENYING MOTION FOR
                                              CLARIFICATION, CONSTRUING MOTION
12      v.                                    AS PLAINTIFF'S REPLY, AND
                                              SUPPLEMENTING ORDER DENYING
13   M. D. BITER,                             PLAINTIFF'S MOTION TO AMEND
                                              MOTION FOR SUMMARY JUDGMENT
14          Defendant.
                                              (Docs. 156 and 157)
15

16   _____/

17   **I.      <u>Background</u>**

18          Plaintiff Anthony Nguyen ("Plaintiff"), a state prisoner proceeding pro se and in forma

19   pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 18, 2011.  This action

20   is proceeding against Defendant M. D. Biter ("Defendant") for violation of the Eighth Amendment

21   of the United States Constitution.  Plaintiff's claim arises from his allegation that he was exposed

22   to arsenic-contaminated water while at Kern Valley State Prison in Delano, California.[1]

23          On September 15, 2014, Plaintiff filed a motion for summary judgment.  Fed. R. Civ. P.

24   56(c).   Following resolution of numerous discovery motions and motions for terminating

25   sanctions, to amend the pleadings, and for modification of the scheduling order, Defendant timely

26   filed his cross-motion for summary judgment and opposition to Plaintiff's motion on July 20,

27   _____

[1] Plaintiff is presently incarcerated at California State Prison-Centinela in Imperial.

28

1   2015.  On July 30, 2015, in response to Defendant's argument that Plaintiff's motion for summary

2   judgment is procedurally deficient, Plaintiff filed a motion seeking leave to file an amended

3   motion for summary judgment.  After Defendant filed an objection and the time to file a reply

4   elapsed, the Court denied the motion on August 25, 2015.  Local Rule 230(*l*).  On August 26,

5   2015, Plaintiff filed a document entitled "Plaintiff's Clarification for Leave to Amend."  The filing

6   appears to be Plaintiff's reply and based on Plaintiff's representation that he did not receive the

7   opposition until August 21, 2015, the Court will consider the late reply and it supplements its

8   previous order, as follows.

9   **II.**   **Discussion**

10      **A.**   **Rule 15**

11      Plaintiff's reliance on Federal Rule of Civil Procedure 15 in seeking leave to amend his

12   motion for summary judgment is misplaced.  Rule 15 pertains to amendments of the pleadings and

13   a motion for summary judgment is not a pleading.  Fed. R. Civ. P. 7(a).  As such, Plaintiff has no

14   right under Rule 15 to amend his motion.[2]  Furthermore, Plaintiff seeks to amend his motion to

15   cure a procedural deficiency which the Court has already ruled does not preclude it from

16   considering the motion on its merits.

17      It was Plaintiff who moved for summary judgment almost one year ago and he now seeks

18   to amend his motion in light of his receipt of Defendant's cross-motion and opposition, filed on

19   July 20, 2015.  However, the deadline to file pretrial dispositive motions was July 20, 2015, and

20   Plaintiff is not legally entitled to file a new motion for summary judgment based on a desire to

21   respond to Defendant's argument that he failed to comply with Local Rule 260(a).  Fed. R. Civ. P.

22   16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A

23   scheduling order is not a frivolous piece of paper, idly entered. . . .") (internal quotation marks and

24   citation omitted).  Plaintiff's opportunity to respond was via his opposition and reply, which he

25   filed.

26      Plaintiff's assertion that Defendant is "rushing" the Court to reach a ruling has no merit.

27   (Doc. 157, p. 3.)  It is Plaintiff who filed the initial motion for summary judgment, almost one year

28   _____

[2] The deadline to amend the pleadings expired on July 6, 2014.  (Doc. 97.)

1  ago.  Plaintiff's motion for an extension of the discovery deadline was granted, his motion for

2  additional interrogatories was granted in part, and the discovery deadline expired on June 8, 2015.

3  (Doc. 136.)  Defendant thereafter opposed Plaintiff's motion for summary judgment and filed a

4  cross-motion, to which Plaintiff filed two responses.  Any intimation of impropriety on the part of

5  Defendant is baseless.

6      **B.**    **Rule 56(d)**

7      With respect to Dr. Gellar, Defendant's expert witness, Plaintiff appears to be seeking to

8  engage in further discovery, but as discussed above, discovery is closed.  Plaintiff makes no

9  showing that he would have been able to retain his own expert witness or depose Dr. Gellar, and

10  Plaintiff cannot simply question Dr. Gellar or depose Dr. Gellar at public expense, as the Court

11  explained in its prior order.  Furthermore, the vague assertion that Plaintiff would like to

12  investigate "Dr. Gellar's history of misconduct" provides no basis for staying the proceedings and

13  reopening discovery.  Fed. R. Civ. P. 16(b)(4), 56(d).

14      Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for

15  specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer

16  considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take

17  discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  However, in seeking

18  relief under Rule 56(d), the moving party bears the burden of specifically identifying relevant

19  information, where there is some basis for believing that the information actually exists, and

20  demonstrating that the evidence sought actually exists and that it would prevent summary

21  judgment.  *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation

22  marks and citation omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v.*

23  *City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).  Plaintiff has made no

24  such showing and his bare assertion regarding further discovery does not entitle him to relief from

25  the scheduling order, Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302

26  F.3d 1080, 1087 (9th Cir. 2002), or under Rule 56(d), *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984,

27  1013 n.29 (9th Cir. 2013) (evidence to be sought through discovery must be based on more than

28  mere speculation); *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) (Rule 56(d)

1   "requires discovery only where the non-moving party has not had the opportunity to discovery

2   information that is essential to its opposition.") (internal quotation marks and citation omitted).

3       **C.**    <u>**Counsel**</u>

4         Finally, regarding Plaintiff's comments about the denial of his motions for the appointment

5   of counsel, the test for appointing counsel under the in forma pauperis statute is not whether

6   Plaintiff would benefit from being represented by counsel.  28 U.S.C. § 1915(e)(1); *see Wilborn v.*

7   *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further

8   facts during litigation and a pro se litigant will seldom be in a position to investigate easily the

9   facts necessary to support the case.").  The Court will seek voluntary counsel to represent pro se

10   litigants only if exceptional circumstances exist and here they do not.  *Palmer v. Valdez*, 560 F.3d

11   965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

12   **III.**    <u>**Order**</u>

13         Based on the foregoing, Plaintiff's motion for clarification is DENIED.  Plaintiff's filing is

14   construed as his reply to Defendant's opposition to his motion to amend his summary judgment

15   motion, and the order denying that motion, which was filed on August 26, 2015, is HEREBY

16   SUPPLEMENTED by this order.

17

18   IT IS SO ORDERED.

19   Dated:  __September 1, 2015__          _____**/s/ Sheila K. Oberto**
                                      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28